IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ, INC.<br>506 Carnegie Center<br>Princeton, NJ 08540-6543<br><br>    Plaintiff,<br>  v.<br><br>FOOD AND DRUG ADMINISTRATION<br>5600 Fishers Lane<br>Rockville, Maryland 20857<br><br>MICHAEL O. LEAVITT<br>Secretary of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20204<br><br>ANDREW C. VON ESCHENBACH<br>Acting Commissioner of Food and Drugs<br>Food and Drug Administration<br>5600 Fishers Lane<br>Rockville, Maryland 20857<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Sandoz, Inc. ("Sandoz") brings this action for declaratory and injunctive relief against the Food and Drug Administration; Michael O. Leavitt, Secretary of Health and Human Services; and Andrew C. von Eschenbach, Acting Commissioner of Food and Drugs (collectively "FDA").

### NATURE OF THE ACTION

1. Sandoz challenges FDA's decision not to grant final approval to the abbreviated new drug applications of Sandoz and other similarly situated sponsors for generic versions of Zocor® (simvastatin), a cholesterol drug, until after the expiration of the 180-day exclusivity periods of those

1

drug sponsors entitled to such 180-day exclusivity rights. On information and belief, these sponsors are IVAX Pharmaceuticals, Inc. ("IVAX") and Ranbaxy Laboratories, Ltd. ("Ranbaxy").

2. The challenged FDA actions represent FDA's attempt to implement the April 30, 2006 decision of this Court in *Ranbaxy Laboratories, Ltd. v. Leavitt*, No. 05-1838 (RWR). FDA's action is not required by this Court's April 30 decision and is inconsistent with the plain language of the FDC Act and other judicial decisions. Therefore, the challenged action is unlawful under the Administrative Procedure Act.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This action arises under the Federal Food, Drug, and Cosmetic Act ("FDC Act"), 21 U.S.C. §§ 301 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, 706; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff Sandoz is a Colorado corporation with its principal place of business in Princeton, New Jersey.

6. Defendant United States Food and Drug Administration is the agency within the United States Department of Health and Human Services and is charged with implementing the FDC Act.

7. Defendant Michael O. Leavitt is the Secretary of Health and Human Services and the official charged by law with administering the FDC Act. Mr. Leavitt is sued in his official capacity.

8. Defendant Andrew C. von Eschenbach is the Acting Commissioner of the FDA and has the delegated authority to administer the FDC Act. Dr. von Eschenbach is sued in his official capacity.

## STATUTORY BACKGROUND

9. Generic drugs contain the same active ingredients, and provide the same therapeutic value, as innovator or branded drugs but at a lower price. The FDC Act provides a streamlined approval process for generic drugs. The FDC Act permits a generic company to obtain approval of its generic product based, in relevant part, on a showing that the proposed generic product is chemically equivalent and bioequivalent to an innovator product that the FDA has already been approved as safe and effective. *See generally* 21 U.S.C. § 355(j). An ANDA sponsor need not repeat the safety and efficacy studies that were conducted on the innovator version of the drug and included as part of the innovator manufacturer's new drug application ("NDA").

10. In an NDA, the innovator manufacturer must submit information to FDA regarding each patent that claims the drug or a method of using the drug that is the subject of the NDA. FDA publishes this information in a publication commonly known as the Orange Book. *See* 21 U.S.C. § 355(b)(1) and (c)(2).

11. Before marketing a generic drug, the manufacturer must submit an abbreviated new drug application ("ANDA") to the FDA, and FDA must approve the ANDA. 21 U.S.C. § 355(j). In the ANDA, the ANDA sponsor must provide a certification concerning each patent listed in the Orange Book by the NDA-holder as claiming the drug or a method of using the drug. 21 U.S.C. § 355(j)(2)(A). Of the four available certifications an ANDA sponsor can make, two are relevant here.

12. With a so-called "Paragraph III" certification, the ANDA sponsor, in essence, states that it does not seek final approval to market its generic product until after that patent expires. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(III).

13. With a so-called "Paragraph IV" certification, the ANDA sponsor contends that the listed patent is invalid and/or will not be infringed by the manufacture, use, or sale of the generic drug for which the ANDA is submitted. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV). A Paragraph IV certification signals the intent of a generic manufacturer to market its product prior to the expiration of the patent on the innovator drug.

14. The ANDA sponsor must provide notice of a Paragraph IV certification to the NDA sponsor and the patent holder. 21 U.S.C. § 355(j)(2)(B). The filing of an ANDA containing a Paragraph IV certification and notice to the NDA sponsor and patent holder allow the patent holder to bring a patent infringement lawsuit before the ANDA sponsor begins commercial marketing of the generic drug product. *See* 35 U.S.C. § 271(e)(2)(A).

15. An ANDA sponsor is not required to certify to a patent that does not appear in the Orange Book.

16. As an incentive to challenge patents on innovator drugs, Congress created a benefit commonly known as "180-day exclusivity." 180-day exclusivity inures to the benefit of the first ANDA sponsor to submit a Paragraph IV certification to an Orange Book patent, and operates only by delaying the final approval of all subsequent ANDAs with Paragraph IV certifications to the same patent. *See* 21 U.S.C. § 355(j)(5)(B)(iv). (Although the 180-day exclusivity provisions of the FDC Act were amended as part of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, the amended act does not apply to this case. *See* Pub. L. No. 108-173 § 1102(b)(1).)

17. The 180-day exclusivity period runs from the date on which the ANDA sponsor entitled to the exclusivity begins commercial marketing of the generic drug, or "the date of a decision of a court in an action ... holding the patent which is subject of the certification to be invalid or not infringed," whichever is earlier. 21 U.S.C. § 355(j)(5)(B)(iv).

18. Each strength of a drug is treated separately for 180-day exclusivity purposes.

## FACTUAL BACKGROUND

19. Merck & Co. Inc. ("Merck") holds the approved NDA for simvastatin tablets, NDA 19-766, which it markets under the brand name Zocor®.

20. Merck initially submitted one patent to the FDA as claiming Zocor®, U.S. Patent No. 4,444,784 ("the '784 patent"). The '784 patent expires on June 23, 2006. Merck later amended its NDA to list two additional patents, U.S. Patent No. RE 36481 ("the '481 patent") and U.S. Patent No. RE 36520 ("the '520 patent").

21. Among other sponsors, IVAX and Ranbaxy filed ANDAs seeking approval for generic simvastatin. Both ANDAs included Paragraph IV certifications with respect to the '481 and '520 patents, and Paragraph III certifications with respect to the '784 patent.

22. On information and belief, IVAX was the first sponsor to file an ANDA with a Paragraph IV certification for generic simvastatin in 5-mg, 10-mg, 20-mg, and 40-mg strengths, and Ranbaxy was the first to file a Paragraph IV ANDA for the 80-mg strength. As a result, it appears that FDA regards IVAX and Ranbaxy as eligible for 180-day exclusivity on those respective strengths.

23. Merck did not sue IVAX or Ranbaxy within 45 days of receiving notice of their Paragraph IV certifications. On information and belief, Merck has not sued any other simvastatin ANDA applicant for infringement as a result of a Paragraph IV certification to the '481 or '520 patents.

24. In October 2003, Merck submitted a letter to FDA requesting that the '481 and '520 patents be removed from the list of patents claiming Zocor® in the Orange Book.

25. Apparently based on the Merck request, on or about September 2004, FDA removed the '481 and '520 patents from the Orange Book.

26. In January and February 2005, IVAX and Ranbaxy submitted separate Citizen Petitions to FDA, requesting that the FDA relist the '481 and '520 patents in the Orange Book and require all subsequent ANDAs for simvastatin tablets to contain certifications to the '481 and '520 patents. The asserted basis for both petitions was that FDA's removal of the '481 and '520 patents from the Orange Book was in derogation of the 180-day exclusivity rights of IVAX and Ranbaxy.

27. On October 24, 2005, the FDA denied IVAX's and Ranbaxy's citizen petitions.

28. IVAX and Ranbaxy separately challenged FDA's denial of their citizen petitions. The suits were consolidated in *Ranbaxy Laboratories Ltd. v. Leavitt*, Civil No. 05-1838 (RWR). In an Order and accompanying Memorandum Opinion dated April 30, 2006, the Court granted IVAX's and Ranbaxy's motions for summary judgment, and denied FDA's motion for summary judgment. The Court declared that FDA's decision was unlawful and remanded to FDA. An appeal is pending, No. 06-5154 (D.C. Cir.).

29. On June 28, 2005, Sandoz submitted to FDA an ANDA for generic simvastatin tablets in 5-mg, 10-mg, 20-mg, 40-mg, and 80-mg strengths. At the time Sandoz submitted its ANDA, the only patent listed in the Orange Book in connection with Zocor® was the '784 patent. Sandoz's ANDA included a Paragraph III certification to this patent, indicating that Sandoz sought approval to market its product after expiration of that patent.

30. By letter dated August 25, 2005, FDA notified Sandoz that its ANDA had been assigned reference number ANDA 77-766 and had been accepted for review.

31. On April 21, 2005, Aurobindo Pharma Ltd. ("Aurobindo") submitted to FDA an ANDA for a generic version of Zocor® in 5-mg, 10-mg, 20-mg, 40-mg, and 80-mg strengths. At the time Aurobindo submitted its ANDA, the only patent listed in the Orange Book in connection with Zocor® was the '784 patent. Aurobindo's ANDA included a Paragraph III certification to this

6

patent, indicating that Aurobindo sought approval to market its product after expiration of that patent.

32. By letter dated April 19, 2006, FDA notified Aurobindo that its ANDA 77-691 was tentatively approved, meaning that Aurobindo had satisfied all substantive ANDA approval requirements, but could not yet receive final approval until after the expiration of the '784 patent on June 23, 2006. The FDA tentative approval letter stated that IVAX and Ranbaxy were challenging the delisting of the '481 and '520 patents and that, pending further decisionmaking with regard to that issue, FDA had determined that no exclusivity issues bar approval on June 23, 2006.

33. On or about June 19, 2006, the '481 and '520 patents reappeared in the electronic version of the Orange Book, without explanation. Upon information and belief, FDA unilaterally relisted the patents in the Orange Book and did not relist the patents due to any request by Merck.

34. FDA has decided that, after expiration of the '784 patent on June 23, 2006, FDA will issue final approval only to those sponsors that were first to file ANDAs containing paragraph IV certifications for the '481 and '520 patents for the 5 mg, 10 mg, 20 mg, 40 mg, and 80 mg strengths of generic simvastatin tablets. The sponsors of all other pending ANDAs will be required to certify to the '481 and '520 patents, as those patents have been relisted in the Orange Book. Sponsors submitting Paragraph IV certifications for the first time will be required to provide notice of their Paragraph IV certification to their NDA sponsor and the patent holder.

35. Sandoz and Aurobindo have entered into a contract, whereby Sandoz will market and distribute Aurobindo's simvastatin product once Aurobindo receives final ANDA approval.

36. Sandoz and Aurobindo have taken action in reliance on Aurbindo's anticipated receipt of final approval on or about June 23, 2006. Aurobindo has commercial quantities of generic simvastatin tablets ready for launch on or about June 23, 2006 after receiving final approval.

## CAUSE OF ACTION

37. 180-day exclusivity operates by delaying the final approval only of subsequent ANDA sponsors with Paragraph IV certifications to the patent in question. 21 U.S.C. § 355(j)(5)(B)(iv). It does not operate to delay the final approval of any sponsor that was not required to certify to the patent in question because the patent was not listed in the Orange Book at the time the sponsor's original ANDA was submitted to FDA.

38. Neither the FDC Act nor FDA regulations provide any basis for the "relisting" of a patent in the Orange Book after its removal at the NDA sponsor's request. Moreover, such "relisting" would be contrary to the judicial decisions that FDA's role in the listing of patents is strictly ministerial, with substantive decisions made solely by the NDA sponsor.

39. Although FDA's challenged decision purportedly represents its effort to implement this Court's April 30 decision, the agency's decision is not required by the terms of this Court's Order and Memorandum Opinion. Rather, FDA should have implemented this Court's decision in a manner consistent with the FDC Act, namely, the 180-exclusivity rights of IVAX and Ranbaxy only delay the final approvals of those sponsors (if any) that had submitted Paragraph IV certifications to the '481 and '520 patents because the '481 and '520 patents were listed in the Orange Book at the time their ANDAs were submitted to FDA. Sandoz and Aurobindo are not such subsequent Paragraph IV ANDA sponsors.

40. FDA's decision to require Sandoz, Aurobindo, and any other similarly situated sponsors that submitted their original ANDAs to FDA at a time when the '481 and '520 patents were not listed in the Orange Book to certify to the '481 and '520 patents and to delay the final approvals of those ANDAs violates the FDC Act. Therefore, it is agency action that is arbitrary, capricious, an

abuse of discretion, in excess of statutory authority, and otherwise not in accordance with law, in violation of the APA, 5 U.S.C. § 706.

41. FDA's action constitutes final agency action that is subject to judicial review. Sandoz has no adequate remedy of law. Any further efforts by Sandoz to exhaust its administrative remedies would be futile.

42. Absent relief from this Court, FDA's decision will cause substantial and irreparable harm to Sandoz.

## **REQUEST FOR RELIEF**

WHEREFORE, Sandoz requests that this Court:

A. Order FDA to stay final approval of IVAX's and Ranbaxy's ANDAs for generic simvastatin tablets pending resolution of this lawsuit.

B. Declare that FDA's decision is contrary to law.

C. Declare that any 180-day exclusivity rights of IVAX for 5 mg, 10 mg, 20 mg, and 40 mg strengths, and of Ranbaxy for the 80 mg strength of simvastatin, respectively, do not operate to delay the final approval on June 23, 2006 of Sandoz, Aurobindo, or any other ANDA sponsor that was not required to certify to the '481 and '520 patents at the time of original ANDA submission.

D. Enjoin FDA from delaying the final approval of Sandoz, Aurobindo, or any other ANDA sponsor for 5 mg, 10 mg, 20 mg, 40 mg, and/or 80 mg simvastatin that was not required to certify to the '481 and '520 patents at the time of original ANDA, solely on the basis that final ANDA approval is delayed because of any 180-day exclusivity rights of IVAX and/or Ranbaxy.

E. Order FDA to finally approve Sandoz's and Aurobindo's ANDAs after June 23, 2006 if the ANDAs are otherwise eligible for final approval.

F. Award Sandoz its reasonable attorneys fees and costs.

G. Provide such further relief as the Court may deem just and proper.

June 22, 2006

Respectfully submitted,

Arthur Y. Tsien, Bar No. 411579
Patricia E. Pahl, Bar No. 427347
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, N.W., Suite 400
Washington, D.C. 20036-2220
(202) 789-1212
(202) 234-3537 (fax)

Attorneys for Sandoz, Inc.

Of Counsel:

Shashank Upadhye, Esq.
Vice President – Head of Intellectual
  Property, Sandoz U.S.
Sandoz, Inc.
506 Carnegie Center
Princeton, NJ 08540-6543
609/627-8511
609/627-8500 (main)
609/627-8684 (FAX)