UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOOD AND DRUG ADMINISTRATION, )<br>MICHAEL O. LEAVITT and )<br>ANDREW C. VON ESCHENBACH, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-1134 |

MOTION OF RANBAXY LABORATORIES LIMITED, RANBAXY INC.,
AND RANBAXY PHARMACEUTICALS, INC. TO INTERVENE AS DEFENDANTS

Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc., ("Ranbaxy") respectfully request that this Court permit them to intervene as defendants in this lawsuit pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, Rule 24(b)(2).[1]

Ranbaxy was the first to file an Abbreviated New Drug Application ("ANDA") for simvastatin 80 mg containing a paragraph IV certification to the patents listed in the Orange Book for Merck's Zocor®. This Court has ruled that, as such, FDA's decision denying Ranbaxy exclusivity for simvastatin 80 mg was contrary to law. See Ranbaxy Labs. Ltd, et al. v Leavitt, 2006 U.S Dist. LEXIS 24612 (D.D.C. 2006), appeal docketed, No. 06-5154. Final approval from FDA for Ranbaxy's ANDA simvastatin 80 mg is expected tomorrow, June 23, 2006. Ranbaxy has undertaken substantial efforts and expended substantial sums in anticipation of the launch of simvastatin.

---

1. Ranbaxy also moves for leave of Court to file its answer to the complaint 20 days after this Court's decision on the motion for a Temporary Restraining Order.

In this case plaintiff Sandoz, Inc. ("Sandoz") seeks to enjoin FDA from issuing final approval of Ranbaxy's ANDA for simvastatin 80 mg. on June 23, 2006. If Sandoz were to obtain the relief requested, Ranbaxy will suffer substantial harm. Ranbaxy makes this timely motion to intervene to safeguard its substantial legal and economic interests in the outcome of this litigation, which may be impaired unless Ranbaxy is entitled to participate.

For the reasons set forth above, and explained more fully in the accompanying Memorandum of Points and Authorities, Ranbaxy respectfully requests that this Court grant its motion to intervene.

Counsel for Sandoz and counsel for the Federal defendants have stated that they do not oppose Ranbaxy's motion.

Dated: June 22, 2006

Respectfully submitted,

Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 2006
(202) 736-3600

Counsel for Ranbaxy

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOOD AND DRUG ADMINISTRATION, )<br>MICHAEL O. LEAVITT and )<br>ANDREW C. VON ESCHENBACH, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-1134 |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION BY RANBAXY TO INTERVENE

Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") have moved to intervene in this action because they have an interest in the subject matter of this action, their interest may be impaired by disposition of the action and their interest is not adequately represented by the existing parties. This matter is before this Court for the second time. In the previous litigation, this Court overturned a determination by FDA that would have deprived Ranbaxy of 180-day exclusivity to market a generic version of simvastatin 80 mg. See Memorandum Opinion and Order, Ranbaxy Labs v. Leavitt, 2006 U.S. Dist. LEXIS 24612 (D.D.C. 2006). Because the remedy sought by plaintiff Sandoz, Inc. ("Sandoz") would deprive Ranbaxy of the benefits of exclusivity to which it is entitled under this Court's decision in Ranbaxy v. Leavitt, Ranbaxy is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a). Ranbaxy also satisfies the standards of Fed. R. Civ. P. 24(b) for permissive intervention.

If Sandoz prevails in the merits of this case, Ranbaxy would be denied 180-day exclusivity for pravastatin 80 mg. Denial of its entitlement to exclusivity would harm Ranbaxy. See Declaration of Jayadeep R. Deshmukh ("Deshmukh Decl.") ¶¶ 12-13. Ranbaxy therefore seeks to intervene in this action to defend its considerable interests.

Counsel for FDA and counsel for Sandoz have informed undersigned counsel that they do not object to Ranbaxy's motion to intervene.

I. Standard for Intervention

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention. In relevant part, Rule 24(a) provides that:

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2). Thus, a prospective intervenor must be permitted to intervene if the applicant claims an interest in the subject matter of the case, if the disposition of the case stands to impair that interest, and if the applicant's interest is not adequately represented by the existing parties. Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004). Alternatively, an applicant may be permitted to intervene pursuant to Rule 24(b)(2) if its claim shares a question of law or fact in common with the underlying action and if the intervention will not unduly delay or prejudice the rights of the original parties. Id. Under either test, a party must seek intervention timely. Id.; Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003). These requirements for intervention are construed liberally in favor of intervention. Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 18 (D.D.C. 2000) ("[T]he D.C. Circuit has taken a liberal approach to intervention . . . .").

2

As shown below, Ranbaxy has met the requirements for intervention as of right under Rule 24(a)(2) and for permissive intervention under Rule 24(b)(2).

II. Ranbaxy Has an Interest in the Subject Matter of the Case which Could Be Impaired by Disposition of This Case

Ranbaxy has a substantial interest in this action because it is entitled to 180-day exclusivity and committed to launch its generic 80 mg simvastatin tablets tomorrow, immediately upon the expiration of Merck's '784 patent. Deshmukh Decl. ¶ 10. This commercial and legal interest constitutes an interest in the property or transaction which is the subject of the action sufficient to satisfy Rule 24(a)(2). A party seeking to protect its entitlement to exclusivity, that is, to be free from competition, during its 180-days has a legally protected interest entitling it to intervention. See Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1075-76 (D.C. Cir. 1998). This Court has routinely allowed competing drug manufacturers to intervene in actions involving FDA drug approval and exclusivity decisions so that manufacturers may protect their unique and substantial interests. See, e.g., Torpharm, Inc. v. Thompson, 260 F. Supp. 2d 69 (D.D.C. 2003), aff'd 354 F.3d 877 (D.C. Cir. 2004); Purepac Pharm. Co. v. Thompson, 238 F. Supp. 2d 191 (D.D.C. 2002), aff'd 354 F.3d 877 (D.C. Cir. 2004); Teva Pharms. Indus., LTD v. FDA, 355 F. Supp. 2d 111 (D.D.C. 2004); see also Mova, 140 F.3d at 1074-1076.

If Sandoz prevails in this action, Ranbaxy's interest will be impaired. To determine whether an interest will be impaired, the court must look at the "'practical consequences' of denying intervention . . . ." Fund for Animals, 322 F.3d at 735. In this case, if Sandoz were to prevail, Ranbaxy would face the immediate loss of substantial revenue that would likely be unrecoverable. Deshmukh Decl. ¶¶ 11-14. The injury to Ranbaxy is fairly traceable to the regulatory action Sandoz seeks to compel – which effectively would diminish the benefits of

3

180-day exclusivity for generic simvastatin 80 mg that Ranbaxy has worked so hard to earn and preserve. A decision rejecting Sandoz's legal challenge would prevent that loss from occurring. Thus, Ranbaxy can demonstrate both the substantial interest and impairment necessary to satisfy Rule 24(a)(2).

III. <u>Ranbaxy's Interest Is Not Adequately Represented by the Existing Parties.</u>

The requirement that an intervenor show that the existing defendants do not adequately represent the proposed intervenor is not onerous. <u>Dimond v. District of Columbia</u>, 792 F.2d 179, 192 (D.C. Cir. 1986). An intervener need only show that representation of its interest "may be" inadequate – not that it will in fact be inadequate, <u>id.</u>, and the burden of making this showing is "minimal," <u>Trbovich v. United Mine Workers of Am.</u>, 404 U.S. 528, 538 n.10 (1972) (citing 3 B J. Moore, Federal Practice para. 24.09-1 [4] (1969)). Ranbaxy amply satisfies this showing.

First, the plaintiff's interests in this case are squarely adverse to Ranbaxy's. Sandoz seeks to deny Ranbaxy its entitlement to 180-day exclusivity for generic simvastatin tablets 80 mg. Sandoz Mot. for a Temp. Restraining Order, filed June 22, 2006 at 1. Accordingly, it does not in any way represent Ranbaxy's interests.

Second, the Federal defendants represent a different set of interests from those Ranbaxy seeks to protect. Both Ranbaxy and, presumably, the Federal defendants will seek to show that the plaintiff's arguments are inconsistent with the Hatch-Waxman scheme, language, legal precedent and Congressional intent. Nevertheless, the Federal defendants have neither a commercial nor financial interest in this case. Their interest lies in exercising the authority delegated by Congress. Ranbaxy, by contrast, has an independent commercial and financial interest in the outcome of this case. As the D.C. Circuit has concluded, "governmental entities

do not adequately represent the interests of aspiring intervenors." Fund for Animals, 322 F.3d at 736; see also People for the Ethical Treatment of Animals v. Babbitt, 151 F.R.D. 6, 8 (D.D.C. 1993).

IV. Ranbaxy's Motion Is Timely and Will Not Unduly Delay the Proceedings.

The last requirement for intervention is that the intervention be timely. In this case, there can be no doubt that Ranbaxy's motion is timely. Ranbaxy is prepared to comply with any schedule set by this Court. Accordingly, there will be no delay from granting Ranbaxy's motion to intervene.

Conclusion

For the reasons set forth above, Ranbaxy meets the test for intervention as of right and its motion to intervene should be granted. In the alternative, the Court should allow Ranbaxy to intervene pursuant to Rule 24(b)(2).

Respectfully submitted,

*Kate C. Beardsley*
Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendants

5