# Exhibit C

FOCUS - 9 of 16 DOCUMENTS

Copyright © 2005 F-D-C Reports, Inc.

The Pink Sheet

*Vol. 67; No. 44; Pg. 19*

October 31, 2005

**SECTION:** THE NEWS THIS WEEK

**LENGTH:** 1131 words

**TITLE:** ZOCOR EXCLUSIVITY: RANBAXY NEEDS QUICK WIN IN SUIT SEEKING PATENT RE-LISTING

**TEXT:**

Ranbaxy needs a relatively quick win in its lawsuit against FDA if it hopes to benefit from the 180-day exclusivity it is claiming for Zocor 80 mg.

The compound patent on Merck's cholesterol-lowering agent Zocor (simvastatin) expires June 23, 2006. Ranbaxy is seeking a decision by January to allow it five months to build up supplies. The firm is hoping to launch with 180-day exclusivity after the expiration of the patent, but in order to achieve that exclusivity, Ranbaxy needs FDA to re-list two other Merck patents in the "Orange Book."

Ranbaxy has already had good news in the suit, filed in D.C. federal court on Sept. 16.

Under an accelerated scheduling order, FDA will file its Administrative Record on Oct. 31 but provided Ranbaxy with an advance copy on Oct. 24, which will enable the generic firm to file its motion for summary judgment on Nov. 7. The last filing in the round of replies will be a FDA submission on Dec. 22.

Ranbaxy believes it was the first firm to submit an ANDA for 80 mg Zocor with Paragraph IV certifications for Merck's RE 36,481 and RE 36,520 patents. Ranbaxy challenged Merck on the basis of non-infringement; however, Merck did not sue Ranbaxy within the designated 45-day window.

As a result, Ranbaxy is arguing that it is entitled to 180-day exclusivity regardless of Merck's subsequent delisting of the patents. Ranbaxy's ANDA received tentative approval Sept. 26, 2003 and is the only generic application to reach that threshold.

Ivax is in a similar position to Ranbaxy with regard to exclusivity for the lower doses of Zocor. The company was first to file for 5 mg, 10 mg, 20 mg and 40 mg strengths. Like Ranbaxy, Ivax submitted a citizen petition to FDA asking for the patents to be re-listed, but it has not sued the agency over the issue.

The Federal Trade Commission opposed Ivax' petition, arguing that exclusivity is an "incentive," not a "right" and the Commission could be expected to intervene in Ranbaxy's suit against FDA ("The Pink Sheet" April 11, 2005, p. 18).

FDA's rejection of the citizen petitions on Oct. 24 outlines the agency's likely strategy in court. The response argues that since the circumstances are not directly addressed in the statute, FDA has discretion to implement policies consistent with its language and goals.

The agency takes a "ministerial" approach on patents and deferrers to the NDA holders as to whether they are properly listed. NDA holders may list and delist patents as they feel appropriate, with "one limited exception," FDA said.

FDA will maintain listing of a patent "when a Paragraph IV patent challenge has resulted in litigation." The exception is designed to "appropriately maintain the statutory award" of exclusivity for generic firms that are engaged in litigation, FDA said.

© 2005 F-D-C Reports, Inc., The Pink Sheet, October 31, 2005

In other circumstances where the patent is no longer serving to block ANDA approval, such as the expiration of the patent - or in this case a request for delisting in the absence of litigation - FDA will not maintain the listing simply because a generic applicant may have certification, the agency said.

"Exclusivity does not vest with the initial submission of the first Paragraph IV certification to the patent, but can be lost as a result of subsequent changes in the status of the patent," FDA's response to the petitions states.

The agency outlined the pitfalls of never delisting a patent. "When there is no patent infringement litigation that will result in a triggering court decision...and the ANDA applicant does not trigger exclusivity with marketing (e.g., because the applicant cannot obtain approval of its ANDA, another patent blocks approval of the ANDA, or the applicant declines to market its product for other reasons) the patent may have to remain in the Orange Book for many years until the exclusivity expires, all the while acting as a barrier to ANDA approvals."

FDA will weigh similar issues as it decides how to implement the exclusivity forfeiture provisions of the Medicare Modernization Act ("The Pink Sheet" Oct. 10, 2005, p. 16).

The Zocor exclusivity case represents "the classic boundary of the two conflicting roles of Hatch/ Waxman," FDA Associate Counsel for Drugs Elizabeth Dickinson told the Generic Pharmaceutical Association Fall Technical Conference on Oct. 26. "One is to get generic products onto the market and the other is to provide incentives" for generics to challenge patents.

Ranbaxy's suit argues that the agency's "regulations were never intended to and do not allow FDA to nullify 180-day exclusivity when the exclusivity is earned without patent litigation."

The lawsuit cites the preamble to a 1994 regulation that states, "the agency agrees that the protection offered by 180-day exclusivity should not be undermined by changes from Paragraph IV certification or by the filing of original certifications other than Paragraph IV certifications."

The efforts by Ivax and Teva to get the Merck patents relisted are somewhat ironic given the considerable energy the generic industry and FTC have invested in trying to establish mechanisms that would keep irrelevant patents out of the Orange Book.

New FDA regs, provisions of the Medicare Modernization Act, and a substantial settlement between Bristol-Myers Squibb and FTC appear to have contributed to a substantial decline in patent listing disputes (see related story, p. 21).

In June 2003, FDA issued a rule outlining which kinds of patents are eligible for listings. The reg stated that metabolites, among others, cannot be listed ("The Pink Sheet" June 13, 2003, p. 16).

On Oct. 10, 2003, Merck requested that FDA remove the '481 and '520 patents. The agency also subsequently received two letters from law firms - presumably representing generic companies - requesting delisting because the patents claimed metabolites of simvastatin. In September 2004, FDA removed the patents in response to Merck's request, prompting the citizen petitions from Ivax and Ranbaxy.

Teva opposed the petitions, arguing that "incorrectly listed patents cannot support exclusivity." While Teva was likely trying to assure a clear path to market for its own simvastatin generic, the firm is now in the process of acquiring Ivax and would benefit if Ivax achieved exclusivity ("The Pink Sheet" Aug. 1, 2005, p. 19).

Were Ivax and Ranbaxy to get six months of exclusivity for simvastatin, profound price erosion might not be felt until 2007. Managed care firms and PBMs see the potential for significant savings next year by switching patients to a generic statin ("The Pink Sheet" Oct. 3, 2005, p. 22).

While exclusivity for Zocor generics remains uncertain, Teva appears on track to receive exclusivity for pravastatin (Bristol's Pravachol) after a court win (see related story, p. 18).

**LOAD-DATE:** October 28, 2005

81 of 145 DOCUMENTS

Copyright 2005 Financial Times Information
All Rights Reserved
Global News Wire - Asia Africa Intelligence Wire
Copyright 2005 Kasturi & Sons Ltd (KSL) Source: Financial Times Information Limited - Asia Intelligence Wire
Business Line

November 3, 2005 Thursday

**ACC-NO:** A20060327A-10858-GNW

**LENGTH:** 366 words

**HEADLINE:** RANBAXY HOPEFUL OF LAUNCHING CHOLESTEROL DRUG NEXT YEAR

**BODY:**

from BUSINESS LINE, November 03, 2005 New Delhi, Nov. 2 - RANBAXY Laboratories Ltd is hopeful of launching the 80 mg dosage form of Bristol-Myers Squibb's Pravachol (pravastatin) on a 180-day exclusive basis some time next year

Besides, it will also pursue its litigation against the US Food and Drug Administration (FDA) for resolving the exclusivity issue against Merck's Zocor (simvastatin), according to a company release

Both pravastatin and simvastatin are cholesterol-lowering drugs available in the US

Litigation: On the litigation on the status of pravastatin, Ranbaxy said, "In respect to pravastatin 10 mg, 20 mg and 40 mg tablets held by Teva Pharmaceuticals, as a result of an October 21, 2005 court decision, the FDA is likely to reverse its decision that the 180-day exclusivity was triggered and had expired, (assuming affirmance on appeal)

"As a consequence of this decision, it appears that Teva will have exclusivity for 10 mg, 20 mg and 40 mg tablet strengths that will allow for commercialisation at the time that the basic patent expires on April 20, 2006." The company further said that irrespective of the said decision, its position is that it was the first to file a Paragraph IV Certification for pravastatin 80 mg and is thus entitled to exclusivity for this particular tablet strength

Regarding simvastatin, the company has stated that on October, 24, 2005 the US FDA had denied Ranbaxy's citizen petition requesting the relisting of two patents that had been delisted for simvastatin tablets, or that it maintain its 180-day exclusivity until after it has commercially launched the 80 mg tablet strength

"Ranbaxy's position is that it believes it is the first company to file an ANDA (abbreviated new drug application) containing a Paragraph IV Certification against the 80 mg strength tablet, and is thus entitled to market exclusivity for this particular strength

"However, before the FDA response, Ranbaxy had brought a suit against the FDA in Washington, DC on September 11, 2005 to resolve the exclusivity question. A hearing is expected in January 2006," it said

The shares of Ranbaxy, on Monday, closed at Rs 350.85 on the BSE

Copyright 2005 Business Line

**LOAD-DATE:** March 27, 2006

86 of 145 DOCUMENTS

Copyright 2005 PR Newswire Association LLC.
All Rights Reserved.
PR Newswire US

October 31, 2005 Monday 6:39 PM GMT

**LENGTH:** 520 words

**HEADLINE:** Ranbaxy Clarifies 180-Day Exclusivities Relating to Pravastatin 80 mg and Simvastatin 80 mg Tablets

**DATELINE:** PRINCETON, N.J. Oct. 31

**BODY:**

PRINCETON, N.J., Oct. 31 /PRNewswire/ -- Ranbaxy Laboratories Limited (Ranbaxy) announced today the status of issues relating to the 180-day exclusivities for two of the largest cholesterol-lowering agents marketed in the U.S. healthcare market.

Pravastatin 80 mg

In respect to exclusivity on Pravastatin 10, 20 and 40 mg tablets held by Teva Pharmaceuticals (Teva), as a result of an October 21, 2005 court decision, we expect that the U.S. FDA will likely reverse its decision that the 180-day exclusivity was triggered and had expired (assuming affirmance on appeal). As a consequence of such expected decision, it appears that Teva will have exclusivity for 10, 20 and 40 mg tablet strengths that will allow for commercialization at the time that the basic patent expires on April 20, 2006. Irrespective of the expected decision, and independent thereof, Ranbaxy's position is that it was the first to file a Paragraph IV Certification for Pravastatin 80 mg and is thus entitled to exclusivity for this particular tablet strength when the product is launched by Ranbaxy.

Simvastatin Matter

As anticipated, on October 24, 2005 the U.S. FDA denied Ranbaxy's citizens petition requesting the relisting of two patents that had been delisted for Simvastatin tablets, or that it maintain its 180-day exclusivity until after it has commercially launched the 80 mg tablet strength. Ranbaxy's position is that it believes it is the first company to file an ANDA containing a Paragraph IV Certification against the 80 mg strength tablet, and is thus entitled to market exclusivity for this particular strength. Prior to the U.S. FDA response, Ranbaxy had brought suit against the U.S. FDA on September 11, 2005 to resolve the exclusivity question. A hearing is expected in January, 2006.

According to Jay Deshmukh, Vice President, Global Intellectual Property for Ranbaxy, "We are delighted with the likely exclusivity relating to Pravastatin 80 mg tablets, and will now make our case regarding Simvastatin."

Ranbaxy Laboratories Limited, headquartered in India, is an integrated, research based, international pharmaceutical company producing a wide range of quality, affordable generic medicines, trusted by healthcare professionals and patients across geographies. Ranbaxy's continued focus on R&D has resulted in several approvals in developed markets and significant progress in New Drug Discovery Research. The Company's foray into Novel Drug Delivery Systems has led to proprietary "platform technologies," resulting in a number of products under development. The Company is serving its customers in over 100 countries and has an expanding international portfolio of affiliates, joint ventures and alliances, ground operations in 46 countries and manufacturing operations in 7 countries.

CONTACT: Charles M. Caprariello, Vice President, Corporate Communications, of Ranbaxy Pharmaceuticals Inc., +1-609-720-5615; or Edwige Buteau, +1-212-994-7517, or Caroline Mozingo, +1-212-994-7560, both of RF Binder Partners Inc., for Ranbaxy Laboratories Limited

Web site: http://www.ranbaxy.com/

SOURCE Ranbaxy Laboratories Limited

URL: http://www.prnewswire.com

LOAD-DATE: December 7, 2005